IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METSO PAPER USA. INC. | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| | : | NO.: 3:08-cv-47 |
| v. | : | |
| GENERAL ELECTRIC COMPANY | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

<u>ORDER</u>

AND NOW this _____ day of _____, 2011, upon consideration of Defendant General Electric Company's Motion *In Limine* to Preclude Testimony or Evidence Related to Analysis of Other Metal Halide Bulbs Performed by H.K. Kytomaa, said Motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff, its attorney and experts are precluded from offering testimony or evidence related to analysis of other metal halide bulbs performed by H.K. Kytomaa.

BY THE COURT

_____
Judge James M. Munley
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METSO PAPER USA. INC. | CIVIL ACTION – LAW |
| Plaintiff, | |
| | NO.: 3:08-cv-47 |
| v. | |
| GENERAL ELECTRIC COMPANY | |
| Defendant. | JURY TRIAL DEMANDED |

**CERTIFICATE OF NON-CONCURRENCE**

The undersigned counsel hereby certifies that he has conferred with opposing counsel, but has been unable to resolve the issues that are the subject of this Motion.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,


s/ Christopher B. Parkerson
James M. Campbell, Esquire
Christopher B. Parkerson, Esquire
Campbell Campbell Edwards & Conroy
One Constitution Center, 3rd Fl.
Boston, MA 02129
P: 617-241-3000
F: 617-241-5115
Email: jmcampbell@campbell-trial-lawyers.com
Email: cparkerson@campbell-trial-lawyers.com

DATED:  March 24, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METSO PAPER USA. INC. | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff, | : | |
| | : | NO.: 3:08-cv-47 |
| v. | : | |
| | : | |
| GENERAL ELECTRIC COMPANY | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY OR EVIDENCE RELATED TO ANALYSIS OF
OTHER METAL HALIDE BULBS PERFORMED BY H.K. KYTOMAA**

Defendant General Electric Company ("GE"), by and through its attorneys, hereby moves *in limine* to preclude plaintiff from offering testimony or evidence related to analysis of other metal halide bulbs performed by H.K. Kytomaa.. The bases for GE's Motion *in Limine* are set forth in detail in the accompanying Memorandum of Law, which is incorporated herein by reference as if set forth in full.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,

<u>s/ Christopher B. Parkerson</u>
James M. Campbell, Esquire
Christopher B. Parkerson, Esquire
Campbell Campbell Edwards & Conroy
One Constitution Center, 3rd Fl.
Boston, MA 02129
P: 617-241-3000
F: 617-241-5115
Email: jmcampbell@campbell-trial-lawyers.com
Email: cparkerson@campbell-trial-lawyers.com

3

Benjamin A. Nicolosi, Jr., Esquire
Marshall, Dennehey, Warner
 Coleman & Goggin
50 Glenmaura National Blvd., Suite 301
Moosic, Pennsylvania 18507

Thomas G. Cooper, Esquire
Smith & Duggan LLP
55 Old Bedford Road
Lincoln, MA 01773-1125
P: 617-228-4446

DATED: March 24, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METSO PAPER USA, INC. : | CIVIL ACTION – LAW |
| : | |
| Plaintiff, : | |
| : | NO.: 3:08-cv-47 |
| v. : | |
| : | |
| GENERAL ELECTRIC COMPANY : | |
| : | |
| Defendant. : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR EVIDENCE RELATED TO ANALYSIS OF OTHER METAL HALIDE BULBS PERFORMED BY H.K. KYTOMAA**

General Electric Company ("GE") anticipates that the plaintiff, Metso Paper USA, Inc. ("Metso") and its experts will attempt to offer evidence or elicit testimony related to analysis of other metal halide bulbs performed by H.K. Kytomaa. The plaintiff and its attorneys should be precluded from so testifying because this information is not relevant and prejudicial to GE in this case.

I. **STATEMENT OF THE CASE**

Metso Paper USA, Inc. ("Metso") operates a plant and warehouse in Clarks Summit, Pennsylvania, where it refurbishes and repairs equipment for the paper-making industry, and also produces certain paper products. A fire occurred at Metso's Plant on January 21, 2006, causing property damage to Metso. Metso alleges that GE improperly manufactured, designed and sold its metal halide lamp model GE 750 watt Pulsearc® and failed to properly warn of the potential hazards of using this lamp. However, the product is reasonably safe for its intended uses, GE gave adequate warnings and instructions for the proper use of the product, GE was not negligent

and the product is not defective.

GE further contends that the plaintiff cannot prove the lamp ignited the fire and that, even if it did, the cause was Metso's selection of the wrong fixture and/or placement of combustible materials under the fixture. GE contends that Metso could have selected an enclosed fixture, that would have contained a lamp rupture, or non-passive failure, which occurs only rarely and only when users do not heed GE's warnings and instructions. GE also contends that Metso spoliated the evidence, first by cleaning the fire scene without giving GE a reasonable opportunity to inspect it and second by discarding the subject fixture during the pendency of this case.

## II. ARGUMENT

To permit plaintiffs or their attorneys to present evidence of or elicit testimony from Mr. Kytomaa about his past analysis of metal halide bulbs performed as a non-disclosed, non-testifying expert in other cases would be to admit protected and irrelevant materials into evidence which would also unfairly prejudice GE. Therefore, the court must exclude any such references for the following reasons.

    A.    <u>Mr. Kytomaa past analysis of metal halide bulbs performed as a non-disclosed, non-testifying expert in other cases is protected under Fed. R. Civ. P. Rules 26(b)(3) and 26(b)(4)(B).</u>

It is well established that the opinion of a non-testifying expert is protected from disclosure under Fed.R.Civ.P. 26(b)(4)(B) and when prepared at the direction of an attorney in anticipation of litigation, the any report or opinion is attorney work product protected by Fed.R.Civ.P. 26(b)(3). <u>Quinn Const., Inc. v. Skanska USA Bldg., Inc.</u>, 263 F.R.D. 190, 193 (E.D. Pa. 2009); <u>In re Cendant Corp. Sec. Litig.</u>, 343 F.3d 658, 664-65 (3d Cir. 2003). Rule 26(b)(3) also provides work product protection independently of Rule 26(b)(4)(B). <u>In re Cendant Corp. Sec. Litig.</u>, 343 F.3d at 664-65. Only when a party provides attorney work product to a testifying expert and that information is "considered" by the expert does that product

6

becomes subject to the disclosure requirements of Rule 26(a)(2)(B). Quinn Const., 263 F.R.D. at 196-97.

In the present case, GE anticipates the plaintiff and its attorneys may attempt to elicit testimony from Mr. Kytomaa regarding privileged analysis he performed in prior roles as a non-testifying expert in other unrelated cases involving metal halide lamps. Mr. Kytomaa's analysis and opinions in these prior cases are clearly protected by Fed.R.Civ.P. 26(b)(4)(B) and Fed.R.Civ.P. 26(b)(3). In his deposition testimony Mr. Kytomaa and his counsel clearly state that his work in prior cases was neither given to him to consider in the present case, nor was it considered or relied upon in forming his opinions relative to the present case. [See Exhibit 1, Excerpt from Kytomaa Deposition, Pages 61-68]. To permit access to any opinions Mr. Kytomaa formed in other cases as a non-testifying expert would open the door to access to other privileged work product prepared by both attorneys and experts in prior cases.

    B.    <u>Mr. Kytomaa past analysis of metal halide bulbs performed as a non-testifying expert in other cases is irrelevant.</u>

Only relevant evidence is admissible at trial. Fed. R. Evid. 402; Pa. R. Evid. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; Pa. R. Evid. 401.

In the present case, GE anticipates that the plaintiff will attempt to offer information and/or elicit testimony from Mr. Kytomaa, the defendant's lighting expert, about analysis of metal halide lamps not referenced or relied upon in the formation of his opinion in this case. In his deposition, and in his expert report, Mr. Kytomaa fully identified any materials and information he relied on to support his opinions in the present case. [See Exhibit 1, Excerpt from Kytomaa Deposition, Pages 6-9]. Therefore any references to other analysis, especially the

privileged material plaintiff's attorney inappropriately sought to discover during Mr. Kytomaa's deposition, are irrelevant must be precluded by this Court.

Here, the only conceivable purpose of referencing such evidence is the impermissible one of encouraging the jury to form negative opinions about Mr. Kytomaa when he is merely upholding his privilege of confidentiality of that material. The other analyses were completely unrelated to the present case and not relied upon by Mr. Kytomaa and accordingly, all reference to these prior analyses should be excluded.

    C.    <u>Evidence and testimony from Mr. Kytomaa about his privileged analysis of other metal halide lamps would be prejudicial to GE.</u>

"Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; PA. R. EVID. 403. "'Prejudice' for the purposes of this rule, does not mean detrimental to a party's case, but rather, an undue tendency to suggest a decision on an improper basis." <u>Daset Mining Corp. v. Indus. Fuels Corp.</u>, 473 A.2d 584, 588 (Pa. Super. 1984).

Introduction of the privileged analysis and opinions of Mr. Kytomaa from prior unrelated cases where he was hired as a non-testifying expert for GE would prejudice GE in the present case because it would violate the privileges affording GE and its attorneys in the preparation of its defenses in this case and future similar cases. Neither Mr. Kytomaa nor GE's attorneys have relied on the analysis of Mr. Kytomaa in these past non-testifying expert circumstances, however, merely contesting this point in front of the jury would confuse the issues, cause undue delay, waste of time and mislead the jury into possibly concluding that GE or Mr. Kytomaa is hiding evidence. This situation would cause unfair prejudice upon GE because it will inflame the jury and likely cause the jury to render a decision on an improper basis.

WHEREFORE, Defendant, General Electric Company, respectfully requests this honorable court grant its motion *in limine* to preclude plaintiff from offering testimony or evidence related to analysis of other metal halide bulbs performed by H.K. Kytomaa.

Respectfully submitted,

GENERAL ELECTRIC COMPANY,

By Its Attorneys,

s/ Christopher B. Parkerson
James M. Campbell, Esquire
Christopher B. Parkerson, Esquire
Campbell Campbell Edwards & Conroy
One Constitution Center, 3rd Fl.
Boston, MA 02129
P: 617-241-3000
F: 617-241-5115
Email: jmcampbell@campbell-trial-lawyers.com
Email:  cparkerson@campbell-trial-lawyers.com

Thomas G. Cooper, Esquire
Smith & Duggan LLP
55 Old Bedford Road
Lincoln, MA 01773-1125
P: 617-228-4446

Benjamin A. Nicolosi, Jr., Esquire
Marshall, Dennehey, Warner
 Coleman & Goggin
50 Glenmaura National Blvd., Suite 301
Moosic, Pennsylvania 18507

DATED: March 24, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METSO PAPER USA. INC. : | CIVIL ACTION – LAW |
| : | |
| Plaintiff, : | |
| : | NO.: 3:08-cv-47 |
| v. : | |
| : | |
| GENERAL ELECTRIC COMPANY : | |
| : | |
| Defendant. : | JURY TRIAL DEMANDED |
| : | |

### CERTIFICATE OF SERVICE

I, hereby certify that I served a copy of this document on all parties of record on March 24, 2011 by filing with the ECF system, which serves all counsel of record. The document is available for viewing and downloading from the ECF system.

s/ Christopher B. Parkerson
Christopher B. Parkerson, Esquire
Campbell Campbell Edwards & Conroy
One Constitution Center, 3rd Fl.
Boston, MA 02129
P: 617-241-3000
F: 617-241-5115
Email: cparkerson@campbell-trial-lawyers.com