## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| METSO PAPER USA, INC. | : |
| **Plaintiff** | : |
| v. | : 3:08-cv-0047 |
| | : (JUDGE MARIANI) |
| GENERAL ELECTRIC COMPANY | : |
| **Defendant** | : |

### ORDER

On May 15, 2012, the Court conducted a telephonic conference in this matter. Plaintiff was represented by Robert Stern, Esq. and Howard Rothenberg, Esq. Defendant was represented by James Campbell, Esq. and Christopher Parkerson, Esq.

The purpose of the conference was to determine the procedure to be followed in the Daubert hearings to be held on Plaintiff's Motions *In Limine* (Docs. 84, 85, 87, 88, and 117) and Defendant's Motions *In Limine* (Docs. 91, 92, 93, 94 and 95) originally scheduled to be held on May 22, 2012. Set forth below is the procedure to be followed for the disposition of the aforementioned Motions *In Limine*, as well as Plaintiff's Motion to Preclude Defendant From Mentioning Insurance (Doc. 86), and Defendant's Motion *In Limine* to preclude evidence or reference to the Plaintiff's claim for punitive damages (Doc. 96).

**NOW, TO WIT, THIS 21st DAY OF MAY, 2012, IT IS HEREBY ORDERED:**

1. On or before May 29, 2012, counsel for Defendant shall submit a written proffer to the Court and Plaintiff, detailing the content of the testimony to be offered at trial by each

expert witness: Joseph B. Sala ("Sala"), James Arthur Tompkins, Sr. ("Tompkins"), Donald J. Hoffman ("Hoffman"), and H.K. Kytomaa ("Kytomaa"). The proffer shall include the basis on which each such witness is qualified as an expert, the opinion testimony to be offered by the witness, and the reasons why such testimony is admissible under Federal Rules of Evidence 702 and 703. Should any of the witnesses whose testimony is at issue in the pending Motions *In Limine* be permitted to testify at trial and offer opinion evidence, such testimony and opinion evidence shall be limited to the matters expressly included in the proffer or any matter included by reasonable and necessary implication.

2. On or before June 12, 2012, counsel for Plaintiff shall submit written objections to the Court detailing all objections it has with respect to each proffer made by the Defendant, and specifically, to the admissibility of the opinions set forth in each such proffer. Plaintiff is required to support its objections with specific evidence contained in the record, including the deposition transcript of the proposed expert witness, as well as reference to any other exhibit of record and any legal authority it has to support its objection(s).

3. On or before June 26, 2012, Defendant may submit a written reply to any objections filed by Plaintiff, and in doing so, may rely upon any of the exhibits it submitted in support of its Motions or in opposition to Plaintiff's Motions *In Limine.*

4. The hearing scheduled to commence on May 22, 2012 (Doc. 128) is rescheduled for June 28, 2012, at 9:30 a.m.

2

5. At the hearing to be held on June 28, 2012, counsel for the parties shall present oral argument in support of their respective positions on the following outstanding motions:

   Motion to Preclude Defendant's Use of Joseph B. Sala (Doc. 84);

   Motion to Preclude Defendant's Use of James Arthur Tompkins, Sr. (Doc. 85);

   Motion to Preclude Defendant From Mentioning Insurance (Doc. 86);

   Motion to Preclude Defendant's Use of Donald J. Hoffmann (Docs. 87 and 117);

   Motion to Preclude Defendant's Use of Harri Kytomaa (Doc. 88);

   Motion In Limine to Preclude Information and Facts Related to Cases Where Donald J. Hoffman Was Retained by GE for Cases Unrelated to Metal Halide Lamps (Doc. 91);

   Motion In Limine to Preclude Testimony or Evidence Related to Analysis of Other Metal Halide Bulbs Performed by H.K. Kytomaa (Doc. 92);

   Motion In Limine to Preclude Testimony and Evidence of Other Manufacturers' Metal Halide Bulbs (Doc. 93);

   Motion In Limine to Preclude Testimony and Evidence of the Current Standards Related to Metal Halide Bulbs (Doc. 94);

   Motion In Limine to Preclude Testimony and Evidence Related to Other Incidents of Fire from Non-Passive Failures (Doc. 95);

   Motion In Limine to Preclude Evidence or Reference to the Plaintiff's Claim for Punitive Damages (Doc. 96).

6. Neither party is required to present live testimony at the June 28, 2012 hearing. Nor, however, shall either party be precluded from doing so.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge

3